UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

BIENVENU BUKOLA KANYINDA,

    Plaintiff,

v.

HUNTER WARFIELD, INC.,

    Defendant.

Case No. 2:21-cv-2142

## COMPLAINT

**NOW COMES** Plaintiff, BIENVENU BUKOLA KANYINDA, through undersigned counsel, complaining of Defendant, HUNTER WARFIELD, INC., as follows:

### NATURE OF ACTION

1. This action is seeking redress for Defendant's violation(s) the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. BIENVENU BUKOLA KANYINDA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 2006 North Mattis Avenue, Apartment 202A, Champaign, Illinois 61821.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. HUNTER WARFIELD, INC. ("Defendant") is a corporation organized and existing under the laws of the State of Maryland.

7. Defendant has its principal place of business at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. In 2018, Plaintiff signed a lease to rent an apartment owned by Apartment Inventors XXII LP.

11. In December of 2019, Plaintiff vacated the premises.

12. Apartment Inventors XXII LP issued a bill for $765 for damage and repairs once Plaintiff's security deposit was applied.

13. Plaintiff orally agreed to pay the $765 in monthly installments – with an initial $100 payment sent on February 20, 2020.

14. Following Plaintiff's February 20, 2020 payment, Plaintiff never heard again from Apartment Inventors XXII LP.

15. Defendant mailed Plaintiff a letter, dated June 20, 2020 (the "Letter"), which stated:

| Creditor Name | APARTMENT INVENTORS XXII LP |
|---|---|
| Creditor Account # | 06216c20-b172-11ea-bbd9-f2474f12d6ed |
| Hunter Warfield Account # | 8108785 |
| Principal | $1,495.00 |
| Amount Due | $1,495.00 |

Please be advised that your delinquency in the amount of $1,495.00 which is owed to our client, APARTMENT INVENTORS XXII LP, is outstanding. This debt has been referred to us for collection. Accordingly, demand is hereby made for full payment of your past due account.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of judgment and send you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you have questions regarding your account or with to pay over the phone by check or credit card, please contact a representative at 844-440-2806, or you may log into www.payhwi.com. You will need your account number and PIN provided below.

Sincerely,
Hunter Warfield, Inc.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

16. Soon thereafter, Plaintiff started to receive phone calls from Defendant – seeking payment on Plaintiff's *alleged* $1,495 balance.

17. One day, Plaintiff answered and attempted explaining that he came to an agreement with Apartment Inventors XXII LP to pay $765 in monthly installments.

18. Defendant, however, indicated that they were seeking payment of Plaintiff's November rent payment in addition to Plaintiff's bill for damages and repairs.

19. Plaintiff disputed that he owed November's rent payment; providing Defendant with evidence of payment – orally as well as written.

20. In spite of Plaintiff's evidence, Defendant continues to attempt to collect $1,495 from Plaintiff.

## DAMAGES

21. The FDCPA thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ").

22. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

23. But being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114,

71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

24. Concerned with having had his rights violated, and worried about Defendant attempting to collect an amount not owed, Plaintiff was forced to retain counsel; therefore, expending time and energy to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Violation of 15 U.S.C. § 1692 *et seq*.

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

26. Section 1692e provides:

[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2) the false representation of –
>
>   (A) the character, amount, or legal status of any debt.
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27. Stating an incorrect amount of the debt undeniably violates section 1692e(2)(A).

28. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by falsely representing that Plaintiff owed $1,495; when, Plaintiff only owed $665.

29. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A) and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)  any actual damage sustained by such person as a result of such failure;

(2)

    (A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.  a finding that Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10);

B.  an award of any actual damages sustained by Plaintiff;

C.  an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.  an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.  an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: June 18, 2021

Respectfully submitted,

**BIENVENU BUKOLA KANYINDA**

By: */s/ Victor T. Metroff*

Mohammed O. Badwan
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com

5